UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
866 EAST 164TH STREET, LLC,

                      Civil Action No.  16 CV 3678

                        Plaintiff,

                -against-                **COMPLAINT WITH
                                        JURY DEMAND**

UNION MUTUAL FIRE INSURANCE COMPANY,

                      Defendant.
------------------------------------------------------------------X

      Plaintiff, **866 E. 164TH ST., LLC**, by its attorneys, **GREENBLATT & AGULNICK, P.C.**, for its Complaint against the Defendant UNION MUTUAL FIRE INSURANCE COMPANY, alleges as follows:

## PARTIES

      1.    Plaintiff, 866 EAST 164TH STREET, LLC (hereinafter "Plaintiff"), is a domestic corporation duly formed under the laws of the State of New York.

      2.    Defendant, UNION MUTUAL FIRE INSURANCE COMPANY (hereinafter "UNION MUTUAL"), is a foreign corporation licensed to issue property insurance policies and conduct business in the State of New York with its principle offices located at P.O. Box 158, Montpelier, Vermont 05601.

## JURISDICTION AND VENUE

      3.    At all times hereinafter alleged, Plaintiff owned and had an insurable interest the real property commonly referred to as 866 156th Street, Bronx, New York 10455 (hereinafter the "Property"), in the County of Bronx, City and State of New York.

      4.    Defendant UNION MUTUAL, its subsidiary, and/or agent is an insurance company licensed, admitted, engaging in, and authorized to engage in the business of

liability and casualty insurance, including homeowners insurance coverage in the State of New York, with offices for the transaction of business located within the State of New York.

5. Plaintiff brings this action against Defendant UNION MUTUAL with regard to Defendant UNION MUTUAL's frivolous and wrongful denial of Plaintiff's insurance claim following a covered loss located at the Property, which occurred suddenly and accidentally on or about April 6, 2015, the facts and circumstances being more fully set forth below.

6. The transaction of events and the real property that is the subject of this lawsuit was located within the County of Bronx, City and State of New York.

7. The matter is controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE INSURANCE POLICY

10. On or about February 15, 2015, for good and valuable consideration and a premium paid, UNION MUTUAL, its subsidiary, and/or agent, issued or reissued an insurance policy, including endorsements and amendments thereto which became a part of said policy, bearing policy number 314PK-28679-28679-01 (hereinafter referred to as the "Policy"), whereby it insured the Property and contents therein against all risks of loss to the Property up to the limits contained therein, for physical loss caused by, *inter alia*, vandalism and loss of business income. The policy was signed by the authorized agents of the Defendant UNION MUTUAL, its subsidiary, and/or agent. A copy of the Policy is annexed hereto and incorporated by reference herein as EXHIBIT A.

11. Pursuant to the Policy, Defendant UNION MUTUAL its subsidiary, and/or agent agreed to insure the Plaintiff for a term of twelve (12) months, against loss of Property caused by, *inter alia*, vandalism and loss of business income. Defendant UNION MUTUAL, its subsidiary, and/or agent, during the policy term, agreed to indemnify Plaintiff against loss or damage sustained at the Property and loss of business income.

## THE LOSS

12. On or about April 6, 2015, and while the Policy was in full force and effect, a vandalism took place at the Property which resulted in damage to Plaintiff's Property, and caused Plaintiff to sustain a loss of rents (hereinafter the "Loss").

13. By reason of the above-mentioned occurrence, Plaintiff has sustained a direct loss to the Property, as well as rents, in an amount to be determined at the time of trial but believed to be in excess of two hundred fifty thousand dollars ($250,000.00).

14. That Defendant UNION MUTUAL, its subsidiary, and/or agent, was notified of the Loss as soon thereafter as was practical (hereinafter the "Claim").

15. Plaintiff has submitted to Defendant UNION MUTUAL's request for a complete investigation of all the facts and circumstances surrounding the Loss, to the extent that such was requested by Defendant UNION MUTUAL.

16. Plaintiff has satisfied all conditions precedent to the instant suit.

17. At all times mentioned Plaintiff has not obtained any other insurance upon the described property then mentioned herein.

## THE FRIVOLOUS DENIAL

18. That on January 25, 2016, Defendant UNION MUTUAL denied the Claim and declared the Policy *ab initio*, upon frivolous and specious grounds that are contrary to fact, logic and the relevant law as set forth more fully below (hereinafter the "Denial

Letter"). A copy of the Denial Letter is annexed hereto and incorporated by reference herein as EXHIBIT B.

19. That Defendant UNION MUTUAL first alleged that Plaintiff made "fraudulent statements" when applying for coverage and answering that the property was not "vacant." See EXHIBIT B

20. That the term "vacant" is undefined within the insurance application, is vague, ambiguous, can lead to more than one definition, and as a matter of law all ambiguities are construed against the drafter of the document, Defendant UNION MUTUAL.

21. That notwithstanding the ambiguities, one-third of the Property was rented, and the building was occupied as a matter of law and fact, therefore, the building was not "vacant" under any definition of the word as understood by a reasonable business person.

22. That further establishing the frivolity of Defendant UNION MUTUAL's denial is the irrefutable fact that the Policy states that "buildings under construction or renovations are not considered vacant". See EXHIBIT A

23. That Defendant UNION MUTUAL alleged that Plaintiff made "fraudulent statements" when applying for coverage and answering that the property was not undergoing "major renovations." See EXHIBIT B

24. That the term "major renovations" is undefined within the insurance application, is vague, ambiguous, can lead to more than one definition, and as a matter of law all ambiguities are construed against the drafter of the document, Defendant UNION MUTUAL.

25. That notwithstanding the ambiguities, the Property was not undergoing "major renovations" under any definition of the term as understood by a reasonable business person.

26. That further establishing the frivolity of Defendant UNION MUTUAL's denial is concomitantly alleging the building was undergoing "major renovations", when the Property would not be considered vacant pursuant to the terms of the Policy is the building was undergoing renovations. See EXHIBIT A

27. That Defendant UNION MUTUAL alleged that Plaintiff made "fraudulent statements" when applying for coverage and answering that the "heat, electricity and water were all *operational* when that was not the case." See EXHIBIT B

28. That contrary to the language in the Denial Letter, the application only asks whether the "water, sewage, electricity or heat [is] *out of service*", and does not question whether the utilities are "operational" as the Denial Letter suggests.

29. That the term "service" is undefined within the insurance application, is vague, ambiguous, can lead to more than one definition, and as a matter of law all ambiguities are construed against the drafter of the document, Defendant UNION MUTUAL.

30. That notwithstanding the ambiguities, the "water, sewage, electricity or heat" was not "out of service", as understood by a reasonable business person.

31. That UNION MUTUAL further cites in its Denial Letter as a barrier to coverage the Policy provision related to "Fraud", however, Defendant UNION MUTUAL's position regarding the Policy being void *ab initio* precludes any reliance on the provisions contained therein and renders those provisions waived and/or moot as a matter of law, in that rescission of a policy is akin to UNION MUTUAL claiming Policy never existing, irrespective of the position of the Plaintiff to the contrary.

32. That Defendant UNION MUTUAL cannot rely upon the provisions of a policy that Defendant UNION MUTUAL contends does not exist, as such, those purported defenses are waived, null, and void as a matter of law.

**UNION MUTUAL'S VIOLATION OF GENERAL BUSINESS LAW § 349**

33. That upon information and belief, Defendant UNION MUTUAL's actions toward Plaintiff is part of a pattern and practice by Defendant UNION MUTUAL to sell insurance policies to businesses, and then subsequently take the position that, under its latest interpretation or based upon its purported self-serving "investigation", there is no coverage or limited coverage, effectively denying or hindering the processing of legitimate claims.

34. That Defendant UNION MUTUAL regularly denies payment on otherwise legitimate claims, setting forth frivolous grounds that are contrary to fact, law and common sense.

35. General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York and making such acts and practices unlawful.

36. As set forth herein, Defendant UNION MUTUAL, through its agents, servants and/or employees, has engaged in consumer oriented deceptive acts and practices in violation of General Business Law § 349.

37. That Defendant UNION MUTUAL's actions of utilizing an insurance application containing undefined, vague, and ambiguous words and terms that are subject to numerous definitions, and then relying upon its own purported definition to void the policy *ab initio* and accuse its insured of engaging in fraud when there is a claim, when it is reasonably foreseeable that the applicant could define the words and terms in a

different manner is misleading in a material way, and not only caused injury to Plaintiff, but has the potential to harm the public at large.

38. That Defendant UNION MUTUAL's actions of voiding Plaintiff's policy *ab initio*, and frivolously citing language in a denial letter which differs from that in the insurance application or the definitions as used therein is misleading in a material way, and not only caused injury to Plaintiff, but has the potential to harm the public at large.

39. That Defendant UNION MUTUAL's actions of disregarding the testimony of its insureds which would support coverage is misleading in a material way, and not only caused injury to Plaintiff, but has the potential to harm the public at large.

40. That Defendant UNION MUTUAL's actions of equating its liability to its insureds based upon the sum of money the insured has spent to make repairs following a loss, notably *prior* to Defendant UNION MUTUAL making any payment to its insureds to finance said repairs, as opposed to adjusting the loss based upon the actual cash value (or replacement cost, if applicable) of the loss with like kind and quality is misleading in a material way, and not only caused injury to Plaintiff, but has the potential to harm the public at large.

41. Defendant UNION MUTUAL's actions of alleging its insured committed a fraud by simply including in its claim stolen building materials, which are allegedly not covered is misleading in a material way, and not only caused injury to Plaintiff, but has the potential to harm the public at large.

42. Defendant UNION MUTUAL's actions of alleging its insured committed a fraud by submitting an estimate provided by a builder for which Defendant UNION MUTUAL disagreed with the value of is misleading in a material way, and not only caused injury to Plaintiff, but has the potential to harm the public at large.

43. The aforesaid actions have not only caused injury to Plaintiff, but have the potential to harm the public at large, in that such conduct and practices potentially affect every typical policyholder who has a claim with Defendant UNION MUTUAL, or any other carrier which uses vague, undefined, and ambiguous terminology in applications.

### AND AS FOR A FIRST CAUSE OF ACTION
### BREACH OF CONTRACT AS AGAINST UNION MUTUAL

44. Plaintiff repeats and re-alleges all allegations previously set forth in the instant Verified Complaint as if more completely and fully set forth herein.

45. By failing to pay Plaintiff under the Policy to the full extent of Plaintiff's loss up to the limits of the Policy and based upon their conduct as set forth above, UNION MUTUAL breached its obligation under the Policy with regard to the Loss at the Property, as well as their duty of good faith and fair dealing.

46. As a result of UNION MUTUAL's breach, Plaintiff has been damaged in an amount to be determined at the time of trial but believed to be in excess of two hundred thousand dollars ($200,000.00).

47. As a further result of Defendant UNION MUTUAL's breach and bad faith, Plaintiff has suffered additional consequential damages in an amount to be determined at the time of trial, and pursuant to the Bi-Economy Market, Inc. v. Harleysville Insurance Company of New York line of cases, but believed to be in excess of one hundred thousand dollars ($100,000.00).

### AND AS FOR A SECOND CAUSE OF ACTION
### DECLARATORY JUDGMENT AS AGAINST UNION MUTUAL

48. Plaintiff repeats and re-alleges all allegations previously set forth in the instant Verified Complaint as if more completely and fully set forth herein.

49. That a justiciable controversy exists, entitling Plaintiff to Declaratory Relief.

50. That Plaintiff is entitled to a Declaratory Judgment setting forth that Defendant UNION MUTUAL is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the Policy, including making payment for the Loss, including the property damage and business interruption, including but not limited to recoverable depreciation.

### AND AS FOR A THIRD CAUSE OF ACTION AGAINST UNION MUTUAL VIOLATION OF GENERAL BUSINESS LAW § 349

51. Plaintiff repeats and re-alleges each and every allegation in the complaint as if more fully and completely set forth herein.

52. Defendant UNION MUTUAL, and its agents, servants and/or employees, and attorneys retained to investigate insurance claims in an insurance company's normal course of business, are governed by the regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department as set forth in 11 NYCRR § 216.

53. In addition, Defendant UNION MUTUAL, and its agents, servants and/or employees, and attorneys retained to investigate insurance claims in an insurance company's normal course of business, are prohibited from engaging in deceptive acts and practices pursuant to General Business Law § 349 of the State of New York.

54. The New York Insurance Law prohibits and/or requires certain actions by insurers, their agents, and representatives and conduct by insurers, their agents and representatives deviating from the following is deemed unfair claim settlement practice thereunder:

  (a) Insurers may not engage in failing to acknowledge with reasonable promptness pertinent communications as to claims arising under their policies;

  (b) Insurers may not fail to adopt and implement reasonable standards for the prompt investigation of claims arising under their policies;

  (c) Insurers may not fail to attempt in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear;

  (d) Insurers may not compel policyholders to institute suits to recover amounts due under their policies by offering substantially less than the amounts ultimately recovered in suits brought by them.

55. Moreover, General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York and making such acts and practices unlawful.

56. As set forth above, Defendant UNION MUTUAL, through its agents, servants and/or employees, and attorneys retained to investigate insurance claims in an insurance company's normal course of business, has engaged in consumer oriented deceptive acts and practices in violation of General Business Law § 349.

57. That Defendant UNION MUTUAL's outrageous actions demonstrate that degree of bad faith evincing a disingenuous, dishonest failure to carry out a contractual obligation and a criminal indifference to its civil obligations.

58. As a result of the aforesaid violations of General Business Law § 349 of the State of New York, Plaintiff has been damaged in an amount to be determined at trial but believed to be in excess of two hundred thousand dollars ($200,000.00), plus appropriate interest.

59. As a further result of the foregoing, Plaintiff has suffered additional consequential damages in an amount to be determined at the time of trial, and pursuant to the <u>Bi-Economy Market, Inc. v. Harleysville Insurance Company of New York</u> line of cases, but believed to be in excess of one hundred thousand dollars ($100,000.00).

60. As a further result of Defendant UNION MUTUAL's violations of General Business Law § 349 of the State of New York, Plaintiff is entitled to treble damages up to $1,000.00 and attorneys' fees.

61. Further, due to the willful and wanton nature of Defendant UNION MUTUAL's conduct directed at the public at large and the need to deter same to prevent public harm and injury, Plaintiff demands punitive damages in the amount of two million dollars ($2,000,000.00).

62. Plaintiff demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff **866 E. 164TH ST., LLC** demands judgment against Defendant UNION MUTUAL FIRE INSURANCE COMPANY as follows:

a. Under the FIRST Cause of Action, as against UNION MUTUAL FIRE INSURANCE COMPANY damages in an amount to be determined at trial but believed to be in excess of two hundred thousand dollars ($200,000.00), plus appropriate statutory interest of nine percent (9%) from the date of the loss; plus consequential damages in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000.00);

b. Under the SECOND Cause of Action, a Declaratory Judgment setting forth that Defendant UNION MUTUAL FIRE INSURANCE COMPANY. is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the Policy, including making payment for the Loss, including the property damage and business interruption, including but not limited to recoverable depreciation;

c. Under the THIRD Cause of Action, as against UNION MUTUAL FIRE INSURANCE COMPANY damages in an amount to be determined at trial but believed to be in excess of two hundred thousand dollars ($200,000.00), plus appropriate statutory interest of nine percent (9%) from the date of the loss; plus consequential damages in an amount to be determined at trial but believed to be in excess of one hundred thousand

dollars ($100,000.00); plus treble damages up to $1,000.00, plus attorneys fees, plus punitive damages in the amount of two million dollars ($2,000,000.00); and

    d.    Awarding Plaintiff interest, the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

    e.    Such further relief as this Court deems just and proper.

Dated:    Great Neck, New York
           May 17, 2016

           Yours, etc.,

           **GREENBLATT & AGULNICK, P.C.**

           By:____ /s/ Scott E. Agulnick
               Scott E. Agulnick, Esq. (SA1880)
           Attorney for Plaintiff
           **866 EAST 164TH STREET, LLC**
           55 Northern Blvd., Suite 302
           Great Neck, New York 11021
           Tel:  (718) 352- 4800
           Fax: (718) 732- 2110

Civil Action No.: 16-CV-3678
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

866 EAST 164TH STREET, LLC,

         Plaintiff,

     -against-

UNION MUTUAL FIRE INSURANCE COMPANY,

         Defendant.

### COMPLAINT WITH JURY DEMAND

**GREENBLATT & AGULNICK, P.C.**
*Attorneys for PLAINTIFF(s)*
*Office and Post Office Address, Telephone*
55 Northern Blvd., Ste. 302
Great Neck, New York 11021
Tel: (718) 352- 4800
Fax: (718) 732- 2110
**"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"**

To:

Attorney(s) for DEFENDANT(S)

### Certification pursuant to FRCP 11

It is hereby certified that, to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper and/or the contentions herein are not frivolous as defined in FRCP 11.

  5/17/2016         _____
   Dated           Scott E. Agulnick (SA1880)

Service of a copy of the within         is hereby **admitted**

…………………………………………………………………………………
            Attorney(s) for